# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | | |
|---|---|---|---|
| In re: | } | | |
| | } | | |
| Michael William Armstrong, | } | CASE NO. | 07-40986 |
| | } | | |
| Debtor. | } | CHAPTER: 7 | |
| | } | | |

_____

| | | | |
|---|---|---|---|
| | } | | |
| Rocco J. Leo, Trustee, | } | | |
| | } | | |
| Plaintiff, | } | ADV. P. NO. | 07-40078 |
| | } | | |
| v. | } | | |
| | } | | |
| Michael William Armstrong, | } | | |
| | } | | |
| Defendant. | } | | |
| | } | | |

## OPINION

The above adversary proceeding came before this Court for hearing on May 21, 2009, on the

Plaintiff's Motion for Summary Judgment (AP Doc. # 47). Appearing at the hearing were Max C.

Pope, Jr., attorney for Trustee Rocco J. Leo ("Plaintiff"), and John Jennings, attorney for defendant

Michael Armstrong ("Debtor"). Plaintiff seeks an order from this Court denying a discharge to

Debtor pursuant to Section 727(a) of the Bankruptcy Code.[1] The Court has jurisdiction to hear this

matter pursuant to 28 U.S.C. §§ 157 and 1334, and the General Order of Reference, as amended,

entered by the United States District Court for the Northern District of Alabama. This is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2); therefore, the Court has authority to enter a final

---

[1] 11 U.S.C. § 101 *et seq*, and herein the "Code." All "Section" references are to a section
or other subdivision of the Code.

order. In compliance with Rule 7052(a) of the Federal Rules of Bankruptcy Procedure, the following shall constitute the Court's findings of facts and conclusions of law.[2]

FINDINGS OF FACTS:

Debtor filed a chapter 7 case on June 6, 2007 . Plaintiff was appointed Trustee on June 7, 2007. Plaintiff filed a Motion for Rule 2004 Examination (BK Doc. # 30) on July 18, 2007, which was granted by this Court on August 2, 2007 (BK Doc. # 38). Plaintiff sought information on Debtor's assets, including information on Debtor's transfers of real and personal property including transfers of business interests. Debtor twice failed to appear at the 2004 Examination, prompting Plaintiff to file a Complaint seeking denial of the Debtor's discharge under Section 727. On November 1, 2007, Plaintiff filed a Motion to Apprehend Debtor and Compel Attendance for a 2004 Examination (BK Doc. # 68). Plaintiff filed a Notice of Withdrawal of Motion to Apprehend Debtor (BK Doc. # 76) after Debtor voluntarily appeared for his 2004 Examination.

On March 31, 2009, Plaintiff filed his Motion for Summary Judgment (AP Doc. # 47) and Brief in support thereof (AP Doc. # 48). Although given an opportunity to do so, Debtor filed nothing in opposition.

The crux of Plaintiff's Complaint is the Debtor failed to truthfully complete his bankruptcy schedules and statement of financial affairs. While investigating the Debtor's affairs, Plaintiff discovered Debtor failed to disclose his interests in various companies on Schedule B, including:

1. TenderCenter Processing, LLC
2. ProFoods, LLC
3. ProFoods International, LLC
4. Sunrise Foods, LLC
5. Team Employment Services, LLC
6. FAK Aviation, LLC
7. Preferred Foods, Inc.

---

[2]All "Rule" references are to the Federal Rules of Bankruptcy Procedure.

Debtor also failed to discuss these business interests in his Statement of Financial Affairs; in fact, Debtor affirmatively stated "none" in response to the question specifically asking for information on his business interests within the last six years.[3] Debtor failed to disclose transfers for no consideration of his business interests in FAK Aviation, LLC and Sunrise Foods, LLC made within two years of the petition filing date. Debtor expressly stated during his Rule 2004 Examination on December 13, 2007, that he never transferred property to his father; yet, in his Deposition taken February 3, 2009, Debtor identified a deed he signed in 2001 conveying real property to his father.

STANDARD OF REVIEW FOR SUMMARY JUDGMENT:

This is a motion for summary judgment under Rules 7012 and 7056, and Rules 12 and 56 of the Federal Rules of Civil Procedure. Summary judgment is appropriate where, as here, there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229 (11th Cir. 2003). The Court may consider pleadings, discovery, and affidavits submitted in ruling on such a motion. *Id.* The burden of proof lies with the movant, and the Court has viewed all materials presented and all factual inferences in the light most favorable to the non-moving party. *Id.* The Court finds the movant has met his burden.

---

[3] Question 18(a) of the Statement of Financial Affairs directs:

> 18. Nature, location and name of business
> a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of the case.

CONCLUSIONS OF LAW:

The discharge pursuant to Section 727 received by a debtor in a chapter 7 case generally relieves the debtor from personal liability for most of his debts; however, Section 727 contemplates that certain conduct will prevent a debtor from receiving relief. Section 727(a)(4) provides:

(a)  The court shall grant the debtor a discharge, unless -
   (4)  the debtor knowingly and fraudulently, in or in connection with the case -
      (A) made a false oath or account;
      (B) presented or used a false claim;
      (C) gave, offered, received, or attempted to obtain money, property, or advantage, for acting or forbearing to act; or
      (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs.

In order to obtain the extraordinary relief afforded in bankruptcy, debtors have certain duties to fulfill, the most essential duty being "the complete and honest disclosure of assets and recent transfers made by the debtor." *Syngenta Seeds, Inc. v. Eigsti (In re Eigsti)*, 323 B.R. 778, 782-83 (Bankr. M.D. Fla. 2005). Complete and honest disclosure is necessary for the trustee to administer the estate; so important is this duty that a debtor may be denied a discharge under Section 727 for failure to disclose assets or transfers in the Schedules and Statement of Financial Affairs. *Id*. at 783. *See also In re Gardner*, 344 B.R. 663, 667 (Bankr. M.D. Fla. 2006) ("A debtor who intentionally omits important information and fails to make full disclosure to the court, places the right to the discharge in serious jeopardy."); *In re Anderson*, 2009 WL 1065142, No. 06-40856 (Bankr. N.D. Ala. Apr. 15, 2009).

*Syngenta Seeds, Inc. v. Eigsti (In re Eigsti)* succinctly sets out what a plaintiff must prove in order for a debtor to be denied a discharge under Section 727(a)(4):

In seeking the denial of a discharge pursuant to § 727(a)(4), the objecting party must establish the following elements by a preponderance of the evidence: (1) the debtor made a statement under oath; (2) that statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case.

*Id.* at 783-84 (*citing In re Perry*, 252 B.R. 541, 549 (Bankr. M.D. Fla. 2000)).

In *Chambers v. Coon (In re Coon)*, the court denied the discharge of a debtor whose Schedules and Statement of Financial Affairs were woefully incomplete. The debtor omitted, among other things, certain assets, transfers, income from transfers, and his interest in a business with his brother. *Coon*, 396 B.R. 772, 775-77. The debtor indicated "none" in response to Question 18 of the Statement of Financial Affairs specifically addressing his business interests. *Id.* at 775. The court found the debtor's omissions were false oaths or accounts. *Id.* at 775-77. Citing Eleventh Circuit precedent, the court determined the debtor's false oaths or accounts were material:

The subject matter of a false oath is considered "material" and thus sufficient to bar discharge if it "bears a relationship to the bankrupt's business transactions or estate or concerns the discovery of assets, business dealings or the existence and disposition of his property."

*Id.* at 779 (*quoting Chalik v Moorefield (In re Chalik)*, 748 F.2d 616, 619 (11th Cir. 1984)). Because of the fraudulent and material omissions in his Schedules and Statement of Financial Affairs, the court determined that the debtor's discharge would be denied under Section 727(a)(4). *Coon*, 396 B.R. at 778 (*citing Swicegood v. Ginn*, 924 F.2d 230, 232 (11th Cir. 1991)).

Similarly, in *Eigsti*, the debtor omitted certain information in his Schedules and Statement of Financial Affairs, including transfers of assets, income received from loan repayments and sales of assets, interests in personal property, and money owed to him. *Eigsti*, 323 B.R. at 782. Even after admitting in discovery that he did not disclose ownership or transfer of assets in his Schedules and Statement of Financial Affairs, the debtor neglected to amend his Schedules until the day after his

second deposition. *Id.* at 782. As in *Coon*, the court determined the debtor knowingly made false statements under oath, and such false statements were material as the omissions could have prevented estate assets from being discovered. *Id*. at 784. The court then addressed fraudulent intent:

> "[T]he fraudulent intent element ... generally must be proven by actual, not constructive fraud. *In re Leffingwell, 279 B.R. 328, 350 (Bankr. M.D. Fla. 2002)*. If there is no direct evidence of actual fraud, however, the objecting party may establish actual fraud in one of two ways. *Id*. First the objecting party may show that the debtor has engaged in a pattern of concealment. *Id*. Second the objecting party may show that the debtor had a reckless indifference for the truth. *Id*.

*Eigsti*, 323 B.R. at 784 (*citing In re Leffingwell*, 279 B.R. 328, 350 (Bankr. M.D. Fla. 2002)).

Before filing his bankruptcy case, the debtor, in state court proceedings brought against him by a creditor, refused to cooperate in discovery to the point that he was incarcerated for his refusal. *Eigsti*, 323 B.R. at 781. Soon thereafter, the debtor filed his bankruptcy petition seeking relief, but did not adjust his behavior accordingly; he would not abide by the bankruptcy court's order compelling him to produce documents and appear at a Rule 2004 examination until the court entered an order on the creditor's motion for contempt and sanctions. *Id*. at 782. Once the creditor and trustee won their hard-fought battle and obtained discovery, they learned "the [d]ebtor had omitted assets valued at least two or three times those that were originally disclosed in his sworn Schedules and Statement of Financial Affairs." *Id*. at 784-85. The court concluded, "[t]his pattern of concealment evidences the fraudulent intent element required under § 727(a)(4)." *Id*. at 785. Further, the debtor's failure to amend his schedules evidenced "reckless indifference to the truth and is tantamount to fraud." *Id*. at 785 (*citing In re Leffingwell*, 279 B.R. at 352.). The court granted the creditor's motion for summary judgment and denied the debtor's discharge. *Eigsti*, 323 B.R. at 786.

In the current case, the Court finds the Debtor's discharge is likewise due to be denied, as the Trustee has proven all of the elements under Section 727(a)(4). The Debtor's Schedules and Statement of Financial Affairs were statements that he knew to be false and that were made under oath. The Debtor failed to disclose his interests, or transfers of his interests, in at least seven businesses. Further, the Debtor affirmatively answered in his Statement of Financial Affairs that he had no interests in businesses and had not had such interests within the last six years.

The Debtor acted with the requisite fraudulent intent as evidenced by both the pattern of concealment and his reckless indifference for the truth. The omissions and inaccuracies in Debtor's schedules could not have been inadvertent due to their sheer numerosity. Assuming, at best, Debtor failed to thoroughly and accurately complete his schedules through mere oversight, it demonstrates Debtor's refusal to take the bankruptcy process seriously. There is no evidence before the Court that the numerous inaccuracies were completely unintentional; in fact, the evidence weighs strongly against this conclusion. Debtor submitted to a 2004 Examination only after the threat of incarceration. Although the bankruptcy case was filed in June 2007, and the adversary proceeding filed in September 2007, Debtor has yet to amend his schedules to present an accurate picture of his financial affairs at the time he filed his bankruptcy case and the period immediately preceding.

The omissions relate materially to his bankruptcy case as the omissions directly involve the Debtor's business transactions, the discovery of assets, and the existence and disposition of his property. Debtor's failure to completely and truthfully disclose his assets and transfers hampered the Trustee in carrying out his own duties of collecting and administering assets of the estate and could have prevented such assets from being discovered.

The Debtor has sought the extraordinary relief afforded in bankruptcy but has been unwilling to comply with the duties required of him in exchange. The Debtor's intentional omissions of

information and failure to make full disclosures to the Court as required by the Code are sufficient

to deny the Debtor the relief he seeks.  Thus, consistent with this Opinion, the Court will enter an

Order in this case denying the Debtor's discharge under Section 727(a)(4).

Dated:  August 5, 2009

/s/ James J. Robinson
JAMES J. ROBINSON
United States Bankruptcy Judge
